[ Filed October 20, 1890. ]

STATE OF OREGON, RESPONDENT, *v.* HERMAN LEWIS, APPELLANT.

EMBEZZLEMENT—PROOF OF OTHER ACTS TO SHOW GUILTY INTENT—INSTRUCTION.—In a prosecution for embezzlement, where evidence is admitted tending to prove other acts of embezzlement from the same parties about the same time as the one charged in the indictment for the sole purpose of showing guilty intent, the court must limit the effect of such evidence to such purpose by instructions to the jury.

APPEAL from Multnomah county: L. B. STEARNS, judge.

The defendant was indicted and convicted of the crime of embezzlement, from which judgment this appeal is taken. The charging part of the indictment is as follows: "That said Herman Lewis, on the twenty-first day of January, A. D. 1890, in the county of Multnomah, and State of Oregon, was the agent of J. Baumgarten, Godfrey Fisher and A. L. Brown, co-partners doing business under the name and style of J. Baumgartner & Co., and Solomon Reiss, Isaac Reiss, Achille Reiss, co-partners doing busi ness under the name and style of Reiss Bros. & Co., and as such agent he did receive and take into his possession and have under his care and control by virtue of his said employment as such agent the sum of $94 lawful money of the United States of America, the number and denomina- tions of which said money is unknown to the grand jury, of the value of $94, and of the moneys of the said firm of J. Baumgarten & Co. and Reiss Bros. & Co., composed as aforesaid, and having said money in his possession as aforesaid, he, the said Herman Lewis, did then and there fraudulently and feloniously take, secrete and embezzle and fraudulently convert to his own use said sum of $94 with intent to embezzle the same."

On the trial in the court below the State gave evidence tending to prove that on the twenty-first day of January, 1890, the defendant receipted to one H. L. Clemens for $94 on account of J. Baumgarten & Co. and Reiss Bros. & Co., and that said sum of money had never been accounted for by him. A. L. Brown was also called as a witness on the part of the State, and after testifying as to who com- posed the firm of Baumgarten & Co., the district attorney asked him to state whether he had examined the books kept by the defendant and whether he had discovered any other acts of embezzlement or defalcation by him com- mitted. To this question counsel for the defendant objected for the reason that the same was irrelevant, immaterial and incompetent and related to matters not charged in the

indictment and was not the best evidence. When these objections were made the district attorney stated that his purpose was to make proof of these circumstances in order to show a criminal knowledge and intent on the part of the defendant to negative the inference that his conduct in relation to the $94 was accidental and compatible with honesty. Thereupon the court overruled the defendant's objections and admitted the evidence for the purpose suggested by the district attorney. The witness then testified that the cash book and ledger were in his hand writing and were under his control, and that there appeared on said ledger in defendant's hand writing items showing the receipt by him of six different sums of money from six different persons, aggregating $300 due said firm; that none of these items appeared upon the cash book, and that the defendant had failed to account for any of them to said firms, and that said ledger showed that these receipts were all before January 21, 1890, and after November, 1889.

The defendant then introduced evidence tending to prove that at the time he made the receipt to Clemens for $94 he received no money, but that in fact Clemens deeded to him a lot valued at $80 and agreed to pay for defendant a drug bill of $14 which he owed at a drug store in town. It did not appear whether Clemens had in fact paid the drug bill or not. At the conclusion of the evidence, counsel for defendant asked the court to charge the jury as follows:

1. If the jury believe under the evidence that the defendant never received the $94, but merely got the benefit of it in real estate or in an account, he cannot be convicted. The specific money must have come into his hands, no matter how fraudulent was his act. No matter what breach of trust may have been committed, to convict of this charge, the money must have come into his hands actually, not constructively. If you believe the evidence of the witness Clemens, he cannot be convicted.

2. The law requires that the defendant should have

received into his possession the specific money described in the indictment, as fiction in criminal law is not permitted. Therefore if you believe the evidence of the witness Clemens he cannot be convicted. The circumstances of other embezzlements can only be considered as determining guilty knowledge and intent.

These instructions were refused by the court, but he charged "that if upon the twenty-first day of January the defendant had in his possession moneys which he had collected belonging to his employers, which he fraudulently converted to his own use, then he would be guilty of the crime charged in the indictment, no matter from whom such money was received ; that the specific money must have come into his hands ; no matter how fraudulent his act, no matter what breach of trust may have been committed, to convict of this charge the money must have come into his hands actually and not constructively."

To all of which rulings of the court the defendant severally excepted.

*Alfred F. Sears, Jr.*, for Appellant.

No appearance for State.

STRAHAN, C. J., delivered the opinion of the court.

The only question presented by this appeal arises upon the refusal of the court to give the instructions requested by the defendant and in giving the one to which an exception was taken. They are all resolvable into a single question, and that is, whether or not it was competent for the State to rely for conviction upon the evidence given by the witness Brown in relation to other embezzlements than the particular one which was attempted to be proven by the introduction of the Clemens receipt for $94, and we are all of the opinion that it was not. For the purposes of this case, it may be conceded, without deciding that other acts of embezzlement from the same parties might be shown for the purpose of proving guilty knowledge or intent, still such evidence, if received, must be

confined strictly to the purposes of its introduction and cannot be used to prove a substantive or independent crime. Wharton's Cr. Ev., § 46; *Mayer* v. *People,* 80 N. Y. 364; *Shipply* v. *People,* 86 *id.* 375; 40 Am. Rep. 551; *Pinckard* v. *State,* 13 Tex. App. 468; *Com.* v. *Shepard,* 1 Allen, 575.

In *Commonwealth* v. *Shepard, supra,* it was expressly held that another act of embezzlement committed by a defendant in the same week with one charged against him in an indictment, is competent only for the purpose of proving a guilty intent on his part in the commission of the principal act; and the admission of such evidence in a case which, after a verdict of guilty is reported by a judge of the superior court for the determination of this court, is sufficient ground for a new trial, if it does not appear that it was limited to its legitimate effect by instructions to the jury. The sole object of the instructions asked by the appellant was to limit the effect of Brown's testimony to the very purpose for which it was admitted by the court; but instead of limiting the effect of such evidence, the court thought proper to give an instruction broad enough to allow the jury to convict on evidence admissible solely for the purpose of proving guilty knowledge.

Such an instruction was manifestly erroneous and requires the reversal of the judgment and that the cause be remanded to the court below for a new trial, and it is so ordered.